UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUTH ANN STEDEFORD,<br><br>              Plaintiff,<br>v.<br>WAL-MART STORES, INC.,<br><br>              Defendant. | Case No. 2:14-cv-01429-JAD-PAL<br><br>**ORDER**<br><br>(Mot. Exclude Damages – Dkt. #19) |

This matter is before the Court on Defendant Wal-Mart Stores, Inc.'s Emergency Motion to Exclude Untimely Disclosed Damages (Dkt. #19) filed June 18, 2015. This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9. The Court held a hearing on Defendant's Motion on July 28, 2015, at 10:30 AM. Present was counsel for Defendant, Brenda Entzminger, Esq., and counsel for Plaintiff, Jared Anderson, Esq. The Court has considered the Motion, Response by Plaintiff Ruth Ann Stedeford (Dkt. #24), filed June 30, 2015, Reply (Dkt. #25), filed July 10, 2015, and arguments of counsel at the hearing.

**I.     BACKGROUND**

The complaint in this case was filed in state court and removed September 3, 2014. It involves a slip-and-fall at a Wal-Mart Supercenter store in Pahrump, Nevada on December 11, 2013. In the current motion, Wal-Mart seeks to exclude future medical expenses of $116,924 to $139,874, and future loss of wages and earning capacity in the amount of $367,622 to $628,396 at trial for Plaintiff's failure to comply with her initial disclosure obligations under Rule 26(a)(1)(A)(iii), and Rule 26(e). Specifically, Wal-Mart argues that Plaintiff did not timely disclose a computation of damages for future surgical treatment recommended by her treating physician, Dr. Dunn. Wal-Mart also argues Plaintiff did not timely disclose her future wage loss

1

1  and loss of earning capacity until the deadline for disclosing experts when Plaintiff disclosed the
2  opinions and report of vocational expert Linda Thornberg, and economic expert, Dr. Claureti.

3  Plaintiff opposes the motion arguing she timely disclosed her potential future loss of
4  earnings claim by providing information in her initial disclosures about her last job, hourly rate,
5  and statement she believed her injuries from the accident would interfere with her ability to
6  return to the job. She also provided detailed answers to interrogatories served November 24,
7  2014, supplementing her initial disclosures. Plaintiff argues that she timely disclosed the opinion
8  of Dr. Dunn who only recently opined that future surgery would be indicated as a result of her
9  December 2011 slip-and-fall at Wal-Mart. Plaintiff previously disclosed and provided discovery
10 concerning her March 2014 surgery, and disclosed that, whether or not she needed future surgery
11 or other treatment would depend on her recovery from that surgery.

12 **II.     APPLICABLE LAW AND ANALYSIS FOR DEFENDANT'S MOTION TO EXCLUDE**

13 **A.     Rule 26(a) – Initial Disclosures**

14 Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires parties to make initial
15 disclosures "without awaiting a discovery request." Rule 26(a)(1)(A)(iii) requires a plaintiff to
16 provide "a computation of each category of damages claim" and make documents or other
17 evidentiary material on which the computation was based available for inspection and copying.
18 According to the advisory committee note to Rule 26, this requirement is "the functional
19 equivalent of a standing Request for Production under Rule 34." Fed. R. Civ. P. 26 advisory
20 committee's note to 1993 Amendment.

21 Rule 26(e)(1) requires a party making initial disclosures to "supplement or correct its
22 disclosures or responses . . . in a timely manner if the party learns that in some material respect
23 the disclosure or response is incomplete or incorrect, and that the additional or corrective
24 information has not otherwise been known to the other parties during the discovery process or in
25 writing." Fed. R. Civ. P. 26(e)(1). The advisory committee's note to the 1993 Amendment
26 indicate that "a major purpose" of the Rule 26(a) initial disclosure requirement "is to accelerate
27 the exchange of basic information about the case and to eliminate the paperwork involved in
28 requesting such information." *Id.*

1    A party who fails to comply with its initial disclosure requirements and duty to timely
2 supplement or correct disclosures or responses may not use any information not disclosed or
3 supplemented "to supply evidence on a motion, at a hearing, or at trial, unless the failure was
4 substantially justified or is harmless." Fed. R. Civ. P. 27(c)(1). *Yeti by Molly, Ltd. v. Deckers*
5 *Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). A party facing sanctions under Rule
6 37(c)(1) for failing to make its initial disclosures or timely supplement or correct incomplete or
7 incorrect responses bears the burden of establishing that its failure to disclose the required
8 information was substantially justified or is harmless. *Torres v. City of L.A.*, 548 F.3d 1197,
9 1213 (9th Cir. 2008).

**B.    Rule 26(a)(2)(B)**

Rule 26 of the Federal Rules of Civil Procedure requires parties to disclose the identity of any person who may be used as an expert witness. Fed. R. Civ. P. 26(a)(2)(B). Rule 37(c) authorizes sanctions for a party's failure to make disclosures or cooperate in discovery:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond."

The district court also has discretion to exclude expert witnesses who have not been timely disclosed in compliance with the court's scheduling order. *Wong v. Regents of the University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). As the Ninth Circuit recognized, courts enter scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Id*. Therefore, when a party fails to identify expert witnesses, and provide the disclosures required by Rule 26(a)(2) in accordance with the court's scheduling order, it causes a "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Id*.

3

*See also Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255 (9th Cir. 1998) (affirming exclusion of expert testimony when the expert was disclosed twenty days late and the expert reports were six weeks late).

### C. Sanctions Under Rule 37

Rule 37 of the Federal Rules of Civil Procedure authorizes a wide range of sanctions for a party's failure to engage in discovery. The court has the authority under Rule 37(b) to impose litigation-ending sanctions. The Rule authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 37 gives "teeth" to Rule 26's mandatory disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure. *Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011). Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond." *Id.* "The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless." *Goodman*, 644 F.3d at 827.

In the Ninth Circuit, district courts are given broad discretion in supervising the pretrial phase of litigation. *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011); *Cont'l Lab. Products, Inc. v. Medax Int'l, Inc.*, 195 F.R.D. 675, 677 (S.D. Cal. 2000). The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which is "a recognized broadening of the sanctioning power." *Ollier*, 768 F.3d at 859 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which

1  are within the discretion of the trial judge." *Keener v. United States*, 181 F.R.D. 639, 641 (D.
2  Mont. 1998).

3  **III.    DECISION AND CONCLUSION**

4  Having reviewed and considered the moving and responsive papers, voluminous exhibits
5  and arguments of counsel, the motion to exclude is denied. However, the court will extend the
6  discovery plan and scheduling order deadlines to allow Wal-Mart an opportunity to designate its
7  own vocational rehabilitation expert.

8  The Plaintiff provided initial disclosures that disclosed she believed the injuries sustained
9  in the accident "have interfered with her ability to perform" her past work and that she believed
10  she might have "a loss of work life in the future". She stated she intended to return to the work
11  force in 2017 when her youngest child was in middle school and provided her own calculation of
12  her future wage loss based on her last rate of pay and asserted intention to work from age 54 to
13  74.

14  Additionally, Plaintiff provided detailed answers to interrogatories November 24, 2014,
15  indicating that she had been employed between 1992 and 2005, when she left the workforce to
16  care for her special-needs children. Her answers to interrogatories indicated that it was her
17  intention to return to the workforce in 2017, once her youngest child was in middle school. She
18  provided detailed information about what she was making, her job duties, and why she believed
19  the physical limitations she suffered as a result of the slip-and-fall at Wal-Mart would preclude
20  her from future employment.

21  Plaintiff also provided information in her initial disclosures that she had cervical fusion
22  surgery in March 2014, and that no additional surgeries had been recommended at the time of
23  her disclosures. She specifically indicated that whether she would have any future medical
24  damages would depend on how well she recovered from her surgery. Plaintiff was deposed
25  December 18, 2014, and fully disclosed her current medical condition, her ongoing treatment
26  with Dr. Dunn and the fact that she believed her medical condition had deteriorated in the last
27  two months. She was questioned about her lost wages/lost earning capacity damages.
28

Dr. Dunn did not opine that Plaintiff was a candidate for a future cervical fusion until March 17, 2015. Counsel for Plaintiff represented, and the court found him credible, that counsel did not learn of this opinion until Dr. Dunn's office forwarded his report on April 22, 2015, the same date that Dr. Dunn was deposed. Dr. Dunn was questioned about his report and opinion that Plaintiff needed future surgery. Dr. Dunn's opinions and report were provided to Wal-Mart's independent medical examiner and expert, Dr. McIntyre, who reviewed the report, and timely submitted an expert report indicating Dr. Dunn's opinions did not alter his own opinion. Dr. McIntyre's report opined that Plaintiff's first surgery was not needed as a result to the Wal-Mart slip-and-fall, and opined that the second surgery, therefore, was also not indicated.

At oral argument counsel for Wal-Mart strenuously argued that Wal-Mart would have conducted discovery differently and would have retained its own vocational rehabilitation expert in its case-in-chief if it had known that Plaintiff's lost wage/lost earning capacity claims were based on expert opinion as opposed to her own calculation of her future intentions and mathematical computation of damages.

Counsel for Wal-Mart also argued that it would have conducted more intensive discovery on Plaintiff's medical history and prior treatment if it had known earlier in the litigation that the future surgery would be recommended. Wal-Mart had every opportunity to conduct discovery on Plaintiff's prior medical treatment, if any, related to the injuries claimed in this case. Wal-Mart was ware Plaintiff was still treating and that she believed her condition had deteriorated in the two months preceding her deposition. Wal-Mart therefore had ample opportunity to question Plaintiff about any past medical conditions and ample time to request any additional medical records before the expert disclosure deadline. Plaintiff disclosed Dr. Dunn's opinion about the potential for future surgery the same day counsel for Plaintiff learned about it. Nothing in the record suggests that Plaintiff herself was aware of Dr. Dunn's opinion regarding future surgery earlier than her counsel. It appears from the exhibits and excerpts of testimony attached to the papers that Dr. Dunn ordered an MRI, CT and EKG during Plaintiff's last visit with him in March 2015 before reaching his opinion. Additionally, Dr. Dunn's opinion did not alter the opinion of Wal-Mart's expert, or result in Dr. McIntyre requesting any further information of

6

1  evaluation of the Plaintiff.  Under the circumstances in this record the court finds Plaintiff did
2  not fail to comply with her Rule 26(a) and Rule 26(e) disclosure obligations with respect to Dr.
3  Dunn's opinion about future surgery.

4  However, the court fully appreciates the qualitative difference between a Plaintiff
5  calculating her own loss of future earnings making her own mathematical calculations and her
6  own estimate of when she intended to return to the work force, and that of the opinions of an
7  expert vocational rehabilitation specialist.  Additionally, the vocational rehabilitation specialist
8  based her opinions, in part, on Dr. Dunn's recent opinion future surgery would be required.  Wal-
9  Mart could not reasonably be expected to designate a vocational expert based on Plaintiff's own
10 calculations and without knowledge of Dr. Dunn's opinion which altered the landscape.
11 Although Wal-Mart could have designated a rebuttal expert the court accepts counsel's
12 representations that the expert contacted could not do the assessment in the time allowed.  The
13 court is also persuaded by Wal-Mart's arguments that fairness dictates that it be allowed to
14 designate a vocational expert for its case-in-chief.

15 The court will therefore deny Wal-Mart's motion to exclude evidence of future medical
16 specials and future lost earning capacity, but give Wal-Mart an opportunity to designate its own
17 vocational rehabilitation expert for its case-in-chief.  The discovery plan and scheduling order
18 deadlines will be extended for this limited purpose, and the residual discovery identified by
19 counsel at the hearing needed to close discovery in this matter.

20 **IT IS ORDERED** that:

21 1. Defendant Wal-Mart Stores, Inc.'s Emergency Motion to Exclude Untimely Disclosed
22 Damages (Dkt. #19) is **GRANTED** to the extent that Defendant is given leave to designate its
23 own vocational expert and perform its own vocational assessment, and **DENIED** in all other
24 respects.

25 2. Defendant shall have 60 days from today's date or until **September 28, 2015** to
26 complete the assessment and designate its vocational expert.

27 / / /
28 / / /

3. The parties shall have until **October 13, 2015**, to schedule and complete Wal-Mart's expert deposition, the depositions described at the hearing, and the site inspection.

Dated this 30th day of July, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE